UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00322-MOC

| | | |
|---|---|---|
| **UZMA QURESHI** | ) | |
| **NAVEED QURESHI,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MORTGAGE ELECTRONIC REGISTRATION** | ) | |
| **SYSTEMS, INC.** | ) | |
| **US BANK NATIONAL ASSOCIATION** | ) | |
| **WELLS FARGO BANK, N.A.** | ) | |
| **FIELDSTONE MORTGAGE** | ) | |
| **LASALLE BANK, N.A.** | ) | |
| **STRUCTURED ASSET INVESTMENT LOAN** | ) | |
| **LEHMAN BROTHERS HOLDINGS, INC.** | ) | |
| **AURORA LOAN SERVICES, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiffs' pro se Motion for Temporary Restraining Order and "Request for Urgent Hearing."

In their 38-page Complaint, which the court has read in a light most favorable to the pro se litigants, plaintiffs attempt to stop a foreclosure of their home which is ongoing in state court by challenging in this court the assignment by the originating lender of the note and deed of trust. Plaintiffs ask this court to not only stop the state court proceedings, but to "quiet title" to their property. In relevant part, plaintiffs allege as follows:

> Plaintiffs, homeowners, disputes the title and ownership of the real property in question (the "Home"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership of Plaintiff s mortgage note and/or Mortgage/Deed of Trust, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Mortgage/Deed of

-1-

> Trust related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiff s Home which is described in detail herein. For these reasons, the Court should Quiet Title to the property in Plaintiff's name. Exhibit B

Complaint (#1) at ¶15. In the request for a TRO, plaintiffs state in relevant part that

> Defendants, and each of them, intend to sell the property ON MARCH 29, 2016, having given notice that sale of the property. Unless restrained, defendants, and each of them, will thus sell the property or cause the property to be sold.

Motion (#3) at 3. In addition to challenging the securitization of their loan, plaintiffs also appear to contend that the loan originator qualified them for a loan they did not qualify for and have asserted a number of federal causes of action.

## Consideration of Request for a TRO

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. The court notes that "the issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.).

In addition, "preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002) (quoting MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001)). In evaluating a request for a TRO, the court considers the

same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)).

In assessing such factors, plaintiffs must demonstrate that: (1) they are likely to succeed on the merits; (2) they will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). The court has closely read the Complaint (#1), the attached Exhibits, and the arguments stated in the instant motion. Plaintiffs ask the court to enter an order restraining all foreclosure proceedings and preventing any action that will jeopardize ownership of the property relevant in this action. By way of showing irreparable harm, plaintiff's state that they have

> alleged and can demonstrate at trial that Defendants breached their PSA contract and through misrepresentation are about to foreclose on Plaintiff's real property, and that because of the securitization process Defendants and their predecessors in interest failed to properly assign Plaintiff's Mortgage note and Mortgage/Deed of Trust according to state law and the PSA governing the original loan.

Motion (#3) at 9.

As to the likelihood of success on the merits, the court finds that plaintiffs' motion fails to make the required showing. It appears that, in essence, plaintiffs ask this court to restrain defendants from executing upon a foreclosure judgment in a state civil action based on the inclusion of their promissory note in a mortgage backed security. They contend that the issuers of the security failed to properly assign their note.

First, this court likely lacks subject matter jurisdiction over this action in its entirety as plaintiffs appear to challenge the decision of a state court or an ongoing proceeding in this federal district court. While plaintiffs have invoked a number of federal consumer protection statutes, the essence of their Complaint is a challenge to what appear to be ongoing proceedings in state court to foreclose on the note and sell the property. The court notes that "foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction." Parker v. Investire, LLC, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016) (citing McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property...suggests the presence of a federal question.")).

Second, the court observes that this is but one of many cases seeking to derail ongoing foreclosure proceedings based on a theory that their mortgage or promissory note was exchanged as part of the now infamous financial crisis created by mortgage backed securities. Courts have repeatedly held that the mere fact of securitization and the fact that a negotiable promissory note has changed hands a number of times does not extinguish the homeowners' obligations under their note. Webb v. Equifirst Corp., 2016 WL 1274618, at *5 (W.D. Va. Mar. 31, 2016). If the contrary were the case, not only would many of us enjoy a windfall of a free home, that enjoyment would be fleeting as the economy would then most certainly collapse as most (if not all) negotiable promissory notes derived from mortgages were packaged as securities in the past decade. As this court's colleague in the Western District of Virginia recently explained:

> The Webbs appear to contend that interests cannot be, or were not, transferred properly during the securitization process. (Second Compl. ¶¶ 14, 16–25; *see also* First Compl. 7 ("[I]f the Defendants, and each of them, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.").) But there is nothing inherent in securitization that alters the Webbs'

obligations under their Note or prevents a purchaser of the Note from enforcing it. As explained by the court in *Upperman v. Deutsche Bank National Trust Co.*, No. 01:10-cv-149, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010): "[t]here is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property." Judge Moon of this court quoted this same language in rejecting theories similar to those asserted here. *Blick v. JP Morgan Chase Bank*, N.A., No. 3:12-cv-1, 2012 WL 1030115, at *5 (W.D. Va. Mar. 27, 2012), *aff'd*, 474 Fed.Appx. 932 (4th Cir. 2012); *see also McFadden v. Fannie Mae*, No. 7:11-cv-335, 2012 WL 37169, at *5 (W.D. Va. Jan. 9, 2012) ("[T]he Fourth Circuit has rejected the notion that the validity of a note or deed of trust is compromised by transfer to another party." (citing *Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 619 (4th Cir. 2011)).

Id. at *5.

While the court is sympathetic to plaintiffs and the loss they are facing, this court is not in the position of giving parties false hope: the law is simply not what they believe it to be or, more likely, what they were told it was by others, in blogs, or in popular stop-foreclosure seminars. Indeed, the court notes that the Complaint filed in this case is nearly identical in both form and substance to the Complaint filed in Webb, giving this court some reason to believe that a form Complaint is being distributed to people who find themselves in the unfortunate position of facing foreclosure by someone other than a licensed attorney. C.f. Webb, 7:15-cv-00413, Complaint (#1-2) (W.D.Va.).

After giving the motion careful consideration in light of current law, the court determines that plaintiffs' have been unable to make a threshold showing that they are likely to prevail on their claims that touch on the lawfulness of the foreclosure on their home.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' pro se Motion for Temporary Restraining Order (#3) and "Request for Urgent Hearing" (#4) are DENIED.

Signed: June 14, 2016

Max O. Cogburn Jr.
United States District Judge