UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00322-MOC

| | | |
|---|---|---|
| **UZMA QURESHI** | ) | |
| **NAVEED QURESHI,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MORTGAGE ELECTRONIC REGISTRATION** | ) | |
| **SYSTEMS, INC.** | ) | |
| **US BANK NATIONAL ASSOCIATION** | ) | |
| **WELLS FARGO BANK, N.A.** | ) | |
| **FIELDSTONE MORTGAGE** | ) | |
| **LASALLE BANK, N.A.** | ) | |
| **STRUCTURED ASSET INVESTMENT LOAN** | ) | |
| **LEHMAN BROTHERS HOLDINGS, INC.** | ) | |
| **AURORA LOAN SERVICES, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss (#12). After that motion was filed, the court sent pro se plaintiffs a Roseboro Order informing them of their right to respond. Plaintiffs have timely filed a Response (#15).

In their 38-page Complaint, which the court has read in a light most favorable to the pro se litigants, plaintiffs attempt to stop a foreclosure of their home which is ongoing in state court by challenging the assignment by the originating lender of the note and deed of trust. Plaintiffs ask this court to not only stop the state court proceedings, but to "quiet title" to their property. In relevant part, plaintiffs allege as follows:

> Plaintiffs, homeowners, disputes the title and ownership of the real property in question (the "Home"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership of Plaintiff s mortgage note

> and/or Mortgage/Deed of Trust, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Mortgage/Deed of Trust related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiff s Home which is described in detail herein. For these reasons, the Court should Quiet Title to the property in Plaintiff's name. Exhibit B

Complaint (#1) at ¶15. In addition to challenging the securitization of their loan, plaintiffs also appear to contend that the loan originator qualified them for a loan they did not qualify for and have attempted to assert a number of federal causes of action based on such contention. Ultimately plaintiffs ask this court to restrain defendants from executing upon a foreclosure judgment in a state civil action based on the inclusion of their promissory note in a mortgage backed security. They contend that the issuers of the security failed to properly assign their note. Defendants have moved to dismiss under Rules 9(b), 12(b)(1), and 12(b)(6), Federal Rules of Civil Procedure.

In accordance with the *Rooker-Feldman* Doctrine, plaintiffs fail to assert actionable claims in this court. While plaintiffs have invoked a number of federal consumer protection statutes, the essence of their Complaint is a challenge to what appears to be ongoing proceedings in state court to foreclose on the note and sell their property pursuant to North Carolina foreclosure laws. The court notes that "foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction." Parker v. Investire, LLC, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016) (citing McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property...suggests the presence of a federal question.")). The court observes that this is but one of many pro se cases seeking to derail ongoing foreclosure proceedings based on a theory that the mortgage or promissory note was exchanged as part of the now infamous financial crisis created by mortgage backed securities. Courts have repeatedly held that the mere fact of securitization and the fact that

a negotiable promissory note has changed hands a number of times does not extinguish the homeowners' obligations under their note. Webb v. Equifirst Corp., 2016 WL 1274618, at *5 (W.D. Va. Mar. 31, 2016). As this court's colleague in the Western District of Virginia recently explained:

> The Webbs appear to contend that interests cannot be, or were not, transferred properly during the securitization process. (Second Compl. ¶¶ 14, 16–25; *see also* First Compl. 7 ("[I]f the Defendants, and each of them, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.").) But there is nothing inherent in securitization that alters the Webbs' obligations under their Note or prevents a purchaser of the Note from enforcing it. As explained by the court in *Upperman v. Deutsche Bank National Trust Co.*, No. 01:10-cv-149, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010): "[t]here is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property." Judge Moon of this court quoted this same language in rejecting theories similar to those asserted here. *Blick v. JP Morgan Chase Bank*, N.A., No. 3:12-cv-1, 2012 WL 1030115, at *5 (W.D. Va. Mar. 27, 2012), *aff'd*, 474 Fed.Appx. 932 (4th Cir. 2012); *see also McFadden v. Fannie Mae*, No. 7:11-cv-335, 2012 WL 37169, at *5 (W.D. Va. Jan. 9, 2012) ("[T]he Fourth Circuit has rejected the notion that the validity of a note or deed of trust is compromised by transfer to another party." (citing *Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 619 (4th Cir. 2011)).

Id. at *5. The court notes that the Complaint filed in this case is nearly identical in both form and substance to the Complaint filed in Webb, giving this court some reason to believe that a form Complaint is being distributed to people by someone other than an attorney, capitalizing on the unfortunate position many homeowners are now facing. See Webb, 7:15-cv-00413, Complaint (#1-2) (W.D.Va.).

Central to defendants' Motion to Dismiss is the *Rooker-Feldman* Doctrine. As have many other *pro se* plaintiffs in recent years, plaintiffs have attempted to launch a collateral attack in this court on foreclosure proceedings that were either before or had been determined by the North

Carolina General Court of Justice. Such a collateral attack is barred by the *Rooker-Feldman* doctrine, which prohibits actions attacking state-court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). The court has closely reviewed the Complaint and the pleadings and determined that such Complaint violates the *Rooker-Feldman* doctrine as it seeks to overturn the determinations of a state court. This court simply does not sit as a court of appeal from decisions issued by state courts, which have their own appellate systems. Givens v. Homecomings Fin., 278 Fed. Appx. 607, at *2 (6th Cir.2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortgagee after a state court granted the mortgagee possession of the residence due to the mortgagor's default, upholding the trial court's ruling that it lacked jurisdiction under the *Rooker–Feldman* doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed. Appx. 487, at *2 (6th Cir.2005) (unpublished) (upholding the trial court's ruling that it lacked jurisdiction under the *Rooker–Feldman* doctrine, stating "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"); Done v. Wells Fargo Bank, N.A., No. 08–cv–3040 (JFB)(ETB), 2009 WL 2959619, at *3–5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the *Rooker–Feldman*

doctrine," and was alternatively barred by claim preclusion and collateral estoppel); Burlinson v. Wells Fargo Bank, N.A., Civil No. 08–cv–01274–REB–MEH, 2009 WL 646330, at *6 (D.Colo. Mar. 9, 2009) (stating that "any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker–Feldman*").

Beyond *Rooker-Feldman*, defendants have raised a number of very specific arguments as to why each of plaintiffs' boilerplate claims must be dismissed under Rules 9(b), 12(b)(1), and 12(b)(6). Their arguments are clearly consistent with current case law and are unrebutted by plaintiffs' response. The court adopts the defendants' additional reasoning as if fully set forth and will grant the Motion to Dismiss in its entirety.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#12) is GRANTED and this action is DISMISSED WITH PREJUDICE.

Signed: September 13, 2016

Max O. Cogburn Jr
United States District Judge